**Michael N. MERVIN, Plaintiff,**

v.

**Reno E. BONFANTI, Defendant.**

**Civ. A. No. 74–1348.**

United States District Court, District of Columbia.

April 23, 1976.

Michael N. Mervin, pro se.

Earl J. Silbert, U. S. Atty., and Arnold T. Aikens and Michael J. Ryan, Asst. U. S. Attys., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

This is an action by the plaintiff under the Privacy Act of 1974, 5 U.S.C. § 552a (Supp.1974), to obtain access to records maintained on him by the government.* The parties have filed cross-motions for summary judgment.

In 1974, the plaintiff Michael Mervin applied for a position as hearing examiner with the Social Security Administration, a component of the Department of Health, Education and Welfare. Subsequently, he was turned down when the written evaluations that the Social Security Administration received on him were not, taken as a whole, very favorable. These recommendations were obtained from a number of persons who had worked with Mervin in the past in various federal agencies.

■ Mervin would now like to know at least from what agencies the unfavorable evaluations came. He has asked the Social Security Administration for this information, but it has refused. It gives a number of reasons for this. First, it claims that, in requesting access only to the "sources" of negative information, the plaintiff has not sought a "record" subject to disclosure under the Privacy Act. It is clear, however, that Mervin has requested the negative evaluations themselves but is willing to settle for less. In this Court's view, then, the plaintiff has adequately fulfilled the requirement of the Act that a "record" be sought.

■ The government also argues that the plaintiff has not sought the documents from an "information center" as provided by HEW regulation 45 C.F.R. § 5.51 (1975), and has not requested review within the agency of the denial of his request as provided by HEW regulation 45 C.F.R. § 5.80 *et seq.* (1975). But these regulations are relevant only to a request under the Freedom of Information Act, 5 U.S.C. § 552 (1970), *as amended,* (Supp.1974). The Privacy Act does not expressly or impliedly call for compliance with them. In addition, since the plaintiff has in fact requested the records from the very group within the Social Security Administration which processed his application for employment, and since the agency has made clear that it would not give Mervin what he seeks even if he should comply with these regulations, equity does not demand that the Court abstain from considering the merits of the case till the agency has further considered the matter. Therefore, the government's argument for dismissal on these grounds must also be rejected.

■ The government's final argument is that the evaluations are exempt from disclosure under the Privacy Act. In requesting these recommendations, the Social Security Administration had promised to keep the writers' identities confidential. Since Mervin worked intimately with only a few persons at some of these agencies, the government claims, disclosure of anything with regard to these evaluations would amount to disclosure of the identities of the persons who made the recommendations, in violation of the promise the Administration made to them.

The government concedes, however, that in order to withhold these records it must find an express exemption for

---

* The complaint in this case was originally filed in August of 1974, some months before the Privacy Act became effective. Given the remedial nature of the statute, however, Congress clearly intended the Act's provisions to govern suits pending in court on its effective date.

them. It claims to have found one in 5 U.S.C. § 552a(k)(5) (Supp.1974), which provides:

(k) Specific exemptions.—The head of any agency may promulgate rules, in accordance with the requirements of [the Administrative Procedure Act] to exempt any systems of records within the agency from [disclosure under the Privacy Act] if the system of records is—

.    .    .    .    .

(5) investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment . . . but only to the extent that the disclosure of such material would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence

.    .    .

Clearly, an absolute prerequisite for taking advantage of this exemption is that the head of the particular agency promulgate a rule exempting from disclosure the identities of writers of evaluations. The government argues, first, that 5 C.F.R. § 294.601(d) (1975) is such a rule. But that regulation governs only records held by the Civil Service Commission and the records at issue here are held by HEW. Therefore, that rule can be of no help to the defendant.

The government next refers to 45 C.F.R. § 5b.11(b)(2)(iv)(B), 40 Fed.Reg. 47413 (Oct. 8, 1975). This exempts from disclosure the identities of persons who write evaluations on individuals whose files are in HEW's Suitability for Employment Records system. The plaintiff points out, however, that this system is by its own terms limited to the files of "employees." 40 Fed.Reg. 38409 (Aug. 27, 1975). He argues that since there is

another system of records, Applicants for Employment Records, 40 Fed.Reg. 38395 (Aug. 27, 1975), which contains appraisals of the past performance and potential of applicants like him, and which does not provide for nondisclosure of the identities of writers of evaluations, there is no warrant to extend the boundaries of the other file to include his records.

This question is not without difficulty. Certainly, the Act recognizes that an individual normally has a right to inspect any records which the government maintains on him. On the other hand, Congress has specifically recognized that provision should be made for protecting the identity of a person who has taken the pains to write a frank evaluation of a prospective employee on the condition that his identity not be disclosed. This latter value judgment may well favor a more expansive reading of the HEW regulation than might otherwise be reasonable.

Before deciding this issue, then, the Court would like to be certain that it needs to do so. Although the government no doubt in good faith believes that it cannot disclose even the names of the agencies from which the negative evaluations came without in effect disclosing the identities of the persons who wrote them, the Court has decided that the interests of justice demand that it exercise its power under § 552a(g)(3)(A) and examine the evaluations *in camera*.

Accordingly, it is by the Court this 23rd day of April, 1976,

ORDERED that the defendant Reno E. Bonfanti within ten (10) days submit for the Court's examination *in camera* the evaluations of Michael Mervin that were received by the Social Security Administration when the plaintiff applied for the position of hearing examiner.