**Paul NEMETZ, Plaintiff,**

v.

**DEPARTMENT OF the TREASURY, Michael Blumenthal and United States Secret Service, Defendants.**

**No. 77 C 574.**

United States District Court, N. D. Illinois, E. D.

Feb. 16, 1978.

---

Mary-Jeanne Bates, Chicago, Ill., for plaintiff.

Thomas P. Sullivan, U. S. Atty., A. J. Curiel, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking access to background investigation information obtained by the Secret Service pursuant to plaintiff's application for employment. Mr. Nemetz also seeks to amend any inaccurate or incomplete portions of the requested documents pursuant to 5 U.S.C. § 552a(d). The defendants have withheld all or part of six pages of material pertaining to the plaintiff based on a claim of exemption under Section 552a(k)(5) of the Privacy Act. Defendants have moved for summary judgment based on the claimed exemption as supported by the affidavit of Lilburn Boggs, Deputy Director of the Secret Service. Plaintiff has moved for partial summary judgment concerning information withheld on a claim that Mr. Edwin Packer is a confidential source. For the following reasons, both motions are denied.

*Defendants' Motion*

Defendants argue that the withheld materials are exempt under Section 552a(k)(5) of the Privacy Act which provides in relevant part:

> The head of any agency may promulgate rules . . . to exempt any system of records within the agency from subsections (c)(3), (d), (e)(1), (e)(4)(G), (H), and (I) and (f) of this section if the system of records is—
>
> \* \* \* \* \* \* °
>
> (5) investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment . . . but only to the extent that the disclosure of such material would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence, or, prior to the effective date of this section, under an implied promise that the identity of the source would be held in confidence.

Regulations have been promulgated exempting the system of records involved in plaintiff's request. Secret Service Non-Criminal Investigation Information System, 31 C.F.R. § 1.36 (pp. 80–82) (1976).

 It is clear on the face of the statute that only information which would identify the source of confidential information may be exempted by agency regulation.[1] Thus, the government's argument that all information received under a promise of confidentiality is exempt must be rejected at the outset. To the extent Section 552a(k)(5) applies, it exempts only information which would reveal the identity of the source.

 Defendants also argue that the identities of the individual sources are protected by the "privacy" exemptions of the FOIA.

---

1. The exemption is narrower than the comparable FOIA exemption found in Section 552(b)(7)(D). Under the FOIA, *all* information furnished by a confidential source may be withheld where the records are compiled by an agency conducting a lawful national security intelligence investigation, or criminal investigation. (In cases of personnel, regulatory or civil enforcement investigations, only that information which would reveal the identity of a confidential source is properly exempt.) Conference Report No. 93–1200, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin. News pp. 6285, 6291 (FOIA).

5 U.S.C. § 552(b)(6) and (b)(7)(C). Under the FOIA, a balancing test is to be applied "between an individual's right of privacy and the preservation of the public's right to government information." *Campbell v. United States Civil Service Commission,* 539 F.2d 58, 61 (10th Cir. 1976). However, Section 552a(q) of the Privacy Act specifically directs that "[n]o agency shall rely on any exemption contained in section 552 [FOIA] of this title to withhold from an individual any record which is otherwise accessible to such individual under the provisions of this section." In light of this statutory directive, to justify withholding information identifying the sources, defendants must meet the requirements of the Privacy Act exemption, Section 552a(k)(5).

To fall within the protection of Section 552a(k)(5), the government must demonstrate that the information was furnished under a promise that the identity of the source would be held in confidence.[2] Seeking to comply with this requirement, the defendants have provided the affidavit of Lilburn Boggs, which states generally that the information withheld was obtained pursuant to an implied promise of confidentiality, that the information was obtained as part of investigatory material compiled solely for the purpose of investigating an applicant for federal employment, and that the system of records was exempted by 31 C.F.R. § 1.36. In response to plaintiff's Interrogatory No. 2 requesting facts supporting the individual grants of confidentiality, Mr. Robert O. Goff stated that "[p]rior to the effective date of the Privacy Act, it was the policy of the Secret Service to assure individuals interviewed concerning applicants for employment of the confidentiality of their responses." No more specific evidence has been presented.

We find that the defendants' general averments of promises of confidentiality are insufficient to support an award of summary judgment on their behalf. To fulfill the Privacy Act's purpose of granting access to an individual's government records, and the FOIA's goal of full disclosure, any exemptions must be narrowly construed and the requirements strictly met. In cases where exemption is sought under Section 552a(k)(5), this standard requires finding a promise of confidentiality as to each source sought to be withheld. General allegations concerning "policy" are insufficient.[3] Evidence must be presented based on personal knowledge that an express or implied promise of confidentiality was given to each source sought to be exempted under this provision. We will give the defendants an opportunity to file supplemental affidavits stating the facts in support of their claim of exemption as to each person involved before deciding whether to release this information.

Even if the defendants are able to support a claim of exemption for information which would identify the furnishing source, they still must produce information about the plaintiff which does not disclose the source. The government has withheld entire documents on the strength of a Section 552a(k)(5) exemption. As previously noted, the exemption is a limited one, and the government has an obligation to disclose reasonably segregable portions of the documents which do not fall within the exemption. Therefore, even if new affidavits satisfy us that promises of confidentiality were made, we will order *in camera* inspection of those documents to determine whether the agency should have provided portions of the documents pertaining to the

2. Because the material sought was gathered prior to the effective date of the Privacy Act, an *implied* promise of confidentiality is sufficient to warrant the exemption.

3. The plaintiff has indicated that some documents were produced which reveal the identity of the sources. The government has stated by affidavit that no waivers of confidentiality were received. Boggs Affidavit ¶ 7. There is no explanation why these sources were revealed

and others claimed exempt. The "policy" of promising confidentiality may not have been uniformly followed. The fact that sources were treated differently by the government, when only a *general policy of confidentiality* was asserted, further indicates the need for evidence of individual assurances of confidentiality covering each source sought to be exempted.

plaintiff which did not identify the individuals furnishing the information. 5 U.S.C. § 552a(g)(3)(A).

The government also argues that the plaintiff's allegations are too speculative to support a right to amend or correct his records. This argument is premature. Plaintiff cannot be barred from amending his records before the question of his right to access is decided, and before he has had an opportunity to examine the documents to which he is entitled.

Defendant Blumenthal has moved for dismissal as an improper party defendant. Blumenthal, Secretary of the Treasury, "is sued in his official capacity as custodian of the requested documents, and as head of defendant Department of the Treasury, in which requested documents are located." He is named as a defendant because he is the individual responsible for the policy and decisions of the Department and the final authority on the administration of the Privacy Act and the FOIA within the Department. We see no reason to dismiss him from the action, and will follow those courts which have sustained cases under these statutes against heads of departments. *Hamlin v. Kelley,* 433 F.Supp. 180 (N.D.Ill.1977).

*Plaintiff's Motion* [4]

Plaintiff has moved for partial summary judgment with respect to information provided by Edwin Packer, claiming that Mr. Packer waived any grant of confidentiality by discussing the content of his Secret Service interview with plaintiff's attorney. We disagree and deny the motion. If an individual is to waive the express protections of Section 552a(k)(5), it must be un-

equivocal. Mr. Packer may have revealed a large portion of the contents of his interview to plaintiff's attorney, but he expressly refused to give a written authorization for release. Affidavit of Mary-Jeanne Bates, ¶ 6. In light of this refusal, it cannot be assumed that he waived a grant of confidentiality by discussing the interview.

We reject plaintiff's argument that each claimed promise of confidentiality should be tested by the standards established for the FOIA trade secrets exemption, 5 U.S.C. § 552(b)(4). Different interests are presented in cases of (b)(4) exemptions. In cases involving commercial or financial material, courts will evaluate the validity of a claim of confidentiality. Information may be exempted under Section 552(b)(4) if it "is likely to have either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained." *National Parks and Conservation Ass'n v. Morton,* 162 U.S.App.D.C. 223, 228, 498 F.2d 765, 770 (1974). This approach is unwarranted where the interest to be protected is the privacy of an individual providing information and not the competitive position of a corporation.[5]

The Privacy Act "recognizes that an individual normally has a right to inspect any records which the government maintains on him. On the other hand, Congress has specifically recognized that provision should be made for protecting the identity of a person who has taken the pains to write a frank evaluation of a prospective employee on the condition that his identity not be disclosed." *Mervin v. Bonfanti,* 410 F.Supp. 1205, 1207 (D.D.C.1976). The Section 552a(k)(5) ex-

---

4. Plaintiff has referred to recent statements of Department of Justice policy in voluntarily reducing the number of FOIA and Privacy Act cases by limiting the defense of such suits to instances when disclosure is demonstrably harmful. Letter from Attorney General Griffin Bell to heads of all federal agencies, printed in *Access Reports,* Vol. 3, No. 10, May 17, 1977. It is not the province of this court to interfere with internal decisions of an agency concerning the defense of FOIA and Privacy Act suits.

5. A more appropriate analogy is raised by the FOIA confidential information exemption, 5 U.S.C. § 552(b)(7)(D). *See, e. g., Maroscia v. Levi,* 569 F.2d 1000 (7th Cir., 1977); *Luzaich v. United States,* 435 F.Supp. 31, 35 (D.Minn. 1977); *Shaver v. Bell,* 433 F.Supp. 438, 441 (N.D.Ga.1977); *Mobil Oil Corp. v. F.T.C.,* 430 F.Supp. 849, 851–52 (S.D.N.Y.1977).

emption is very limited; it operates only to protect the identity of a source promised confidentiality. The information obtained is exempt only to the extent it identifies the individual source. Thus there is no need to test a grant of confidentiality which may cloak a substantial amount of information.

The statute specifically mandates protection of the identity of individuals furnishing information under a promise of confidentiality. The statute does not expressly or by implication authorize the court to evaluate the need for a promise of confidentiality in any given case. Our review should be limited to determining whether a promise of confidentiality was in fact given to the individual providing the information. Once that fact is shown, we will not go behind the promise to determine whether it was necessary under the circumstances.

Both defendants' and plaintiff's motions for summary judgment are denied. It is further ordered that the defendants within 15 days submit any supplemental affidavits. If we hold with the government on the claim of confidentiality, we will then set a date for producing the material withheld for *in camera* inspection.