Theron J. MAY, Plaintiff-Appellant,

v.

DEPARTMENT OF the AIR FORCE; and Verne Orr, Secretary of the Air Force, Individually and in his Official Capacity, Defendants-Appellees.

No. 85–4116
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1985.

Russell S. Gill, Biloxi, Miss., for plaintiff-appellant.

George Phillips, U.S. Atty., Peter Barrett, Allen B. Hoppe, Asst. U.S. Attys., Biloxi, Miss., for defendants-appellees.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

JOHNSON, Circuit Judge:

Lt. Colonel Theron C. May brought this suit against the Department of the Air Force for injunctive relief seeking disclosure of May's "closed form" Promotion Recommendation Reports (Form 705). May sought disclosure of the Form 705 recommendations under both the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. The trial court granted summary judgment in favor of the Air Force based on the trial court's conclusion that: (1) the deliberative process privilege exempted May's Form 705 recommendations from disclosure under the FOIA, 5 U.S.C. § 552(b)(5); and (2) the requested Form 705 recommendations were properly withheld under Exemption (k)(7) of the Privacy Act, 5 U.S.C. § 552a(k)(7). On appeal, this Court affirms the trial court's summary judgment under the FOIA but reverses the trial court's summary judgment under the Privacy Act.

## I. BACKGROUND

Air Force officers are evaluated in the performance of their duties by periodic performance reports known as "Officer Effectiveness Reports" (Form 707). These reports are filed in the officer's personnel file and can be inspected after having been finalized. From November 30, 1974, until July 1, 1981, a closed form "Lt. Colonel Promotion Recommendation Report" (Form 705) was also prepared on all lieutenant colonels as part of the evaluation process. Form 705 recommendations were used by the Air Force in considering the promotion of lieutenant colonels to full colonel. Although the Air Force discontinued writing Form 705 recommendations for lieutenant colonels on July 1, 1981, the Air Force kept any Form 705 recommendations that it already had on file and has used them in making subsequent promotion decisions.

Form 705 recommendations required information identifying both the rater and ratee as well as specific promotion recommendations and comments supporting these recommendations. A rater completing a Form 705 promotion recommendation was also required to complete a Form 707 Officer Effectiveness Report. The Form 705 instructions required a positive correlation between the Form 705 recommendation and the material contained in the accompanying Form 707 report.

In contrast to the Form 707 evaluations which were available for inspection, the Air Force took great care to ensure the confidentiality of Form 705 recommendations. The Form 705 recommendations were prepared in the rater's own handwriting to ensure that no clerical worker would see the form's contents. In addition, the Form 705 instructions required a rater to indicate his position or organizational relationship with the ratee. The instructions stated that "[t]his relationship comment [was] necessary for Privacy Act purposes to protect [the rater's] identity as the source of the information." Finally, Form 705 stated

that its contents would not be revealed to the ratee under any circumstances.

To further protect the preparer's identity, Air Force Regulation 36–10 provided that two evaluators, "the rater" and "additional rater," would initially prepare Form 705 recommendations. The next member in the evaluation chain, "the authenticator," could then: (1) sign either or both of the prepared Form 705 recommendations; (2) destroy either or both prepared forms; and/or (3) prepare an additional form to resolve a difference between the rater's and the additional rater's forms or to personally comment on the ratee's potential. Regulations required the authenticator to complete an additional Form 705 if the authenticator elected to destroy the other two prepared forms. The ratee knew who was required to prepare Form 705 recommendations but because of the possibility that the authenticator could destroy previous forms and could either prepare or not prepare a form himself, the ratee could not ascertain the actual number of Form 705 recommendations used in making the promotion decision.

The plaintiff in the instant case, Lt. Colonel Theron C. May, was passed over for promotion in both 1982 and 1983. After being passed over for promotion in 1983, May requested under the Privacy Act that the Air Force disclose his Form 705 recommendations. The Air Force denied May's request and his subsequent administrative appeal. May then requested his Form 705 recommendations under the FOIA. Again, the Air Force denied both May's request and his administrative appeal.

Having exhausted his administrative remedies, May brought this action on April 24, 1984, in the United States District Court for the Southern District of Mississippi seeking to enjoin the Air Force from withholding the requested Form 705 recommendations. On December 19, 1984, the trial court issued an order granting summary judgment in favor of the Air Force. The trial court concluded that the Form 705 recommendations sought by May were ex-empt from FOIA disclosure under Exemption 5, 5 U.S.C. § 552(b)(5). The trial court also concluded that the Form 705 recommendations were exempt from Privacy Act disclosure under 5 U.S.C. § 552a(k)(7). May then filed this appeal from the trial court's summary judgment.

## II. FREEDOM OF INFORMATION ACT CLAIM

 The FOIA requires disclosure of requested records unless those records fit within the parameters of a specifically enumerated exemption. The trial court in the instant case found that the records requested by Lt. Colonel May fit within Exemption 5 of the FOIA. Exemption 5 provides that a record is exempt from disclosure if it is an "inter-agency or intra-agency memorandum[ ] or letter[ ] which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).

 Exemption 5 has been interpreted as the "deliberative process privilege." *Skelton v. United States Postal Service,* 678 F.2d 35, 38 (5th Cir.1982). The purpose of the privilege is to protect the decision-making process from the inhibiting effect that disclosure of predecisional advisory opinions and recommendations might have on "the 'frank discussion of legal or policy matters' in writing." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 50, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975) (quoting S.Rep. No. 813, 89th Cong., 1st Sess. 9 (1965)).

 The Form 705 recommendations were used exclusively to evaluate Lt. Colonel May's potential promotion to full colonel and were thus clearly predecisional and deliberative within the meaning of Exemption 5. May argues that the Form 705 recommendations are no longer pre-decisional and deliberative because the decision on May's promotion has already been made. However, even assuming, *arguendo,* that a final decision not to promote May has already occurred,[1] the Forms 705 have

---

1. May relies on statistics indicating that after being passed over for promotion to full colonel

not lost their predecisional characteristics. A record covered by FOIA Exemption 5 loses its exempt status only if the record is incorporated into a final opinion. *See Sears*, 421 U.S. at 161, 95 S.Ct. at 1521–22; *Skelton*, 678 F.2d at 39. In *Skelton*, for example, this Court held that a memorandum by a postal employee regarding an incident involving a former employee fell within Exemption 5 even though a final "opinion" in the matter had already been released to the former employee. The final opinion in *Skelton* had not incorporated the predecisional memorandum.

Similarly, in the instant case, the decision not to promote Lt. Colonel May did not incorporate the Form 705 evaluations. Thus, the Form 705 recommendations did not lose their exempt status under Exemption 5 when the promotion decision was made. Because Exemption 5 protected the Form 705 recommendations from disclosure under the FOIA, this Court concludes that the trial court properly granted summary judgment on May's FOIA claim.[2]

### III. PRIVACY ACT CLAIM

■ Despite the existence of a valid exemption under the FOIA, this Court must also determine whether disclosure is available under the Privacy Act. *See* 5 U.S.C. § 552a(q). Subsection 552a(d) of the Privacy Act affords general access by an individual to a federal agency record pertaining to the individual. 5 U.S.C. § 552a(d). Subsection 552a(d)[3] mandates disclosure, upon request by the individual, of all information contained in the agency record save that specifically exempted by subsections 552a(j) and 552a(k). In the instant case, the trial court concluded that Exemption (k)(7) of the Privacy Act, 5 U.S.C. § 552a(k)(7), permitted the Air Force to withhold disclosure of Lt. Colonel May's Form 705 recommendations. Exemption (k)(7) protects from disclosure:

> (7) evaluation material used to determine potential for promotion in the armed services, but only to the extent that the disclosure of such material would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence, or, prior to the effective date of this section, under an implied promise that the identity of the source would be held in confidence.

5 U.S.C. § 552a(k)(7).[4] Exemption (k)(7) is limited in that it applies only to "material that would reveal the identity of the source." Several courts have interpreted similar language contained in Privacy Act Exemption (k)(5)[5] to impose an obligation

---

on two prior occasions, he now has only a 4% chance of ever being promoted to full colonel. Thus, May contends, the decision not to promote him has already been made.

**2.** The trial court also held that Exemption 6 of the FOIA protected the Form 705 recommendations from disclosure. Since this Court concludes that Exemption 5 precludes May's claim for relief under the FOIA, this Court need not consider whether Exemption 6 also entitles the Air Force to withhold the requested documents under the FOIA.

**3.** Subsection 552a(d)(1) of the Privacy Act provides that each agency that maintains a system of records shall: ˙·

> (1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence....

5 U.S.C. § 552a(d)(1).

**4.** The Privacy Act further provides that the exemptions, including (k)(7), become operative only upon promulgation of appropriate rules by the head of the agency seeking to invoke the exemptions. *See Mervin v. Barfanti*, 410 F.Supp. 1205, 1207 (D.C.D.C.1976) (interpreting 5 U.S.C. § 552a(k)). The Air Force has promulgated regulations mirroring the language of Exemption (k)(7). *See* 32 C.F.R. § 806b.46(b)(7) (1978).

**5.** Exemption (k)(5) protects from disclosure:

> (5) investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment, military service, Federal con-

on the government "to disclose reasonably segregable portions of the document which do not fall within the exemption." *Nemetz v. Department of Treasury*, 446 F.Supp. 102, 105 (N.D.Ill.1978). *See also Londrigan v. Federal Bureau of Investigation*, 670 F.2d 1164, 1170 (D.C.Cir.1981).

The Air Force does not dispute that it must release any information in May's Form 705 evaluations that would not reveal the source of that information. Rather, the Air Force argues that in the instant case the release of *any* information from the forms, including the total number of forms, would reveal the source of the information. The Air Force contends that because the handwritten Form 705 recommendations put the raters' identities on every word of the recommendations, Exemption (k)(7) protects against any disclosure of the recommendations. If the information is otherwise subject to disclosure, this concern could be easily remedied by preparing a special copy of the Form 705, or parts thereof, typewritten or in a third-party's handwriting.

Second, the Air Force alleges that the number of Forms 705 will reveal the identity of their authors, who are the same people who subscribed the public Form 707. If the information revealed by these individuals may otherwise be disclosed, that information should be transcribed and amalgamated on one report for review by Lt. Colonel May, to avoid inadvertent identification of the preparer.

The Air Force's 28 U.S.C. § 1746 declarants also state that any release of the requested documents would disclose the sources' identities because the comments contained in the Form 705 recommendations incorporate the raters' positions or organizational relationships to Lt. Colonel May. The Air Force further contends that the comments contained in the recommendations could themselves indicate the identities of the raters where, for example, a rater relates an incident known only to the rater and ratee. However, this Court has held that "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir.1985) (citing C. Wright, A. Miller, & M. Kane; *Federal Practice and Procedure: Civil 2d* § 2738 (1983)). The Air Force's affidavits are conclusory and fail to eliminate the possibility that some of the information on Form 705 recommendations, if released, would not reveal the sources of that information. Thus, the trial court erred in granting summary judgment on May's Privacy Act claim.

This case is remanded to the trial court for further consideration of whether any portion of Lt. Colonel May's Form 705 recommendations can be disclosed without compromising the raters' identities. In determining the applicability of Exemption (k)(7) of the Privacy Act, the trial court may find it necessary to exercise its power under 5 U.S.C. § 552a(g)(3)(A) to examine the Form 705 recommendations *in camera*.[6] *See Terkel v. Kelly*, 599 F.2d 214, 218 (7th Cir.1979) (remanded for limited purpose of conducting *in camera* inspection to determine applicability of Exemp-

tracts, or access to classified information, but only to the extent that the disclosure of such material would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence, or, prior to the effective date of this section, under an implied promise that the identity of the source would be held in confidence. . . .
5 U.S.C. § 552a(k)(5).

**6.** In granting the Air Force's motion for summary judgment under both the FOIA and Privacy Act, the trial court refused to compel the Air Force to respond to May's discovery requests. The trial court should reconsider its decision refusing to compel discovery in light of this Court's holding that a factual issue remains regarding the applicability of Exemption (k)(7) of the Privacy Act to May's Form 705 recommendations. This Court observes, however, that it is not an abuse of discretion for a trial court to refuse to compel discovery where the requested discovery seeks the contents of documents allegedly exempt from disclosure under the FOIA and Privacy Act. *See Pollard v. Federal Bureau of Investigation*, 705 F.2d 1151, 1154 (9th Cir. 1983).

tion (k)(5)); *Nemetz v. Department of Treasury,* 446 F.Supp. 102, 105 (N.D.Ill. 1978) (*in camera* inspection ordered to determine whether agency should have disclosed portions of documents despite Exemption (k)(5)); *Mervin v. Borfanti,* 410 F.Supp. 1205, 1207 (D.C.D.C.1976) (investigatory material required *in camera* inspection to determine applicability of Exemption (k)(5)). Such an inspection could provide necessary support to the conclusory allegations contained in the Air Force's summary judgment proof.

## IV. CONCLUSION

For the foregoing reasons, this Court affirms the trial court's judgment under the FOIA but reverses the trial court's summary judgment under the Privacy Act.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.