**Theron J. MAY, Plaintiff-Appellant,**

v.

**DEPARTMENT OF the AIR FORCE; and Verne Orr, Secretary Of the Air Force, Individually and In His Official Capacity, Defendants-Appellees.**

No. 85–4116.

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1986.

Russell S. Gill, Biloxi, Miss., for plaintiff-appellant.

George Phillips, U.S. Atty., Peter Barrett, Asst. U.S. Atty., Allen B. Hoppe, Biloxi, Miss., Leonard Schaitman, Dept. of Justice, Appellate Staff, Howard S. Scher, Attys., Civil Div., Washington, D.C., for defendants-appellees.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

**ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC**

(Opinion December 4, 1985, 5th Cir.1985, 777 F.2d 1012)

PER CURIAM:

The Petition for Rehearing is DENIED and no member of this panel nor Judge in

regular active service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the Suggestion for Rehearing En Banc is DENIED.

While rehearing of this matter is unnecessary, we write briefly to address a matter raised in the Air Force's petition. The Privacy Act mandates disclosure, upon request by the individual, of all information contained in the agency save that specifically exempted by 5 U.S.C. § 552a(j) and 552a(k). *See* 5 U.S.C. § 552a(d). Exemption (k)(7) protects from disclosure:

> (7) evaluation material used to determine potential for promotion in the armed services, but only to the extent that the disclosure of such material would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence, or, prior to the effective date of this section, under an implied promise that the identity of the source would be held in confidence.

5 U.S.C. § 552a(k)(7). The Air Force contends that because the handwritten Form 705 recommendations requested in the instant case put the raters' identities on very word, Exemption (k)(7) protects against any disclosure of the recommendations. We disagree.

■ The disclosure mandated by the Privacy Act cannot be totally and absolutely avoided by the simple expedient of having personnel evaluations completed in handwritten form. The exemptions from an individual's right of access under the Privacy Act must be narrowly construed. *See Wentz v. Department of Justice,* 772 F.2d 335, 339 (7th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1470, 89 L.Ed.2d 726 (1986); *Hernandez v. Alexander,* 671 F.2d 402, 407 (10th Cir.1982); *see generally,* "Congressional Findings and Statement of Purpose" to 5 U.S.C. § 552a, 5 U.S.C.A. at pp. 204–05. Consistent with the Privacy Act requirement that nonexempt information be segregated from exempt informa-

tion to ensure maximum disclosure, *see Nemetz v. Department of Treasury,* 446 F.Supp. 102, 105 (N.D.Ill.1978), the Air Force can simply prepare a special copy of the requested Form 705, or parts thereof, typewritten or in a third-party's handwriting. Such disclosure would protect the identity of the rater, ensure maximum disclosure under the Act, and not unreasonably burden the agency. *Compare Yeager v. Drug Enforcement Administration,* 678 F.2d 315 (D.C.Cir.1982) (request to "compact" substantive information contained in over one million DEA records).

■ Contrary to the Air Force's suggestion, requiring it to prepare a special form does not require it to "create new records." Lt. Colonel May has not requested the Air Force to produce information contained outside existing agency records. *Cf. Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 151, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980) (agency not required to produce document removed from agency possession prior to FOIA request); *Nolan v. Rumsfeld,* 535 F.2d 890, 891 (5th Cir.1976), *cert. denied,* 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 555 (1977) (FOIA did not require discovery and production of missing agency records); *Giza v. HEW,* 628 F.2d 748, 751 (1st Cir. 1980) (FOIA did not require agency to produce expert witness to explain material contained in an agency record). Nor has Lt. Colonel May requested that the Air Force create and produce explanatory material in connection with his request for information contained in existing agency records. *See NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 161–62, 95 S.Ct. 1504, 1521–22, 44 L.Ed.2d 29 (1975).