**BUTLER FOODS, INC., Plaintiff,**

v.

**TRAILER MARINE TRANSPORT CORPORATION and Packers Provision Company of Puerto Rico, Inc., Defendants.**

**Civ. No. 87–0014 GG.**

United States District Court, D. Puerto Rico.

Feb. 11, 1988.

A.J. Amadeo Murga, Hato Rey, P.R., for plaintiff.

Jimenez, Graffam & Lausell, David C. Indiano, San Juan, P.R., for defendant Trailer Marine Transport Corp.

Ismael E. Herrero, San Juan, P.R., for defendant Packers Provision Co.

## OPINION AND ORDER

GIERBOLINI, District Judge.

Plaintiff brought this action against the carrier, Trailer Marine Transport Corporation (TMT), and the consignee, Packers Provision Company of Puerto Rico, Inc. (Packers), for damage to a shipment of pork lard. The complaint was originally filed in the Superior Court of Puerto Rico, San Juan Part and was removed to this court pursuant to 28 U.S.C. § 1441. Jurisdiction is invoked pursuant to 28 U.S.C. § 1337.

Co-defendant TMT has filed a motion, accompanied by two sworn statements and other supporting documents, requesting the entry of summary judgment in its favor. Plaintiff has filed an opposition accompanied by a sworn statement, and defendant has filed a reply thereto.

Although Rule 56 has not been recently amended, the Supreme Court, in several 1986 cases to be discussed herein, has developed a more liberal approach toward the granting of motions for summary judgment in appropriate cases, even in situations where summary judgment had been discouraged in the past. This trend toward granting summary judgment can be perceived by the language used by the Supreme Court in *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), as follows:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action."

*Id.* at 327, 106 S.Ct. at 2555 (*quoting* Fed. R.Civ.P. 1).

Rule 56 should be read not just to protect nonmovants with real claims but also to advance the rights of movants to dispose of claims without a sufficient basis. *Id.* at 327, 106 S.Ct. at 2555. This balancing of interests and favoring of grants constitutes a definite change in direction by the Supreme Court encouraging freer use of the summary judgment mechanism. *See* Childress, *New Era For Summary Judgments*, 116 F.R.D. 183 (1987).

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Catrett, supra.* A motion for summary judgment will be granted only "if the pleadings, depositions, answers to interrogatories, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *General Office Products v. A.M. Capen's Sons, Inc.*, 780 F.2d 1077 (1st Cir.1986). However, the mere existence of an alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.

Material facts are those which might affect the outcome of a suit under the governing law, while genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for

the nonmovant. *Anderson, supra,* 106 S.Ct. at 2510. The judge's function is not to weigh the evidence and determine the truth of the matter, but rather to determine if a genuine issue for trial exists. There is no genuine issue for trial unless there is sufficient evidence favorable to the nonmovant for a jury to return a verdict for that party. *Anderson, supra,* 106 S.Ct. at 2511; *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288–289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968); *Adickes v. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Therefore, summary judgment may be granted if the nonmovant's evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) (per curiam), or is not significantly probative, *Cities Service, supra,* 391 U.S. at 290, 88 S.Ct. at 1593.

Applying this standard, and upon a close examination of the record, we find that the following facts are uncontested:

1) Plaintiff, Butler Foods, Inc., entered into a contract with TMT for ocean transportation of goods from Philadelphia, Pennsylvania to San Juan, Puerto Rico.

2) On May 22, 1986, plaintiff delivered to TMT container No. LCRZ–20215 to be transported to Puerto Rico subject to the provisions of the bill of lading contract.

3) The shipper did not request delivery by TMT on arrival in San Juan but instead provided the telephone number of a notifying party—the consignee.

4) The information provided by plaintiff was incorporated in a freight waybill prepared by TMT. On the waybill which noted the same notifying telephone, the "Domestic Routing" box indicated "No Delivery" by TMT. The cargo was loaded on board the barge on May 23, 1986.

5) On May 29, 1986, the barge FORTALEZA arrived in San Juan and discharge operations commenced at 0800 hours.

6) On May 30, 1986, the consignee (Packers) was duly notified by telephone of the cargo's arrival by a TMT employee. A Mr.

Cobian was notified at the consignee's office.

7) Notwithstanding this notification, the consignee did not pick the cargo until July 1, 1986, at which time the cargo was already spoiled.

In its opposition to the present motion and in its counter-motion for summary judgment, plaintiff argues that the consignee was not notified of the cargo's arrival.[1] In support of its contention, plaintiff has submitted a sworn statement of Mr. Lawrence Lipoff, President of Butler Foods, Inc., asserting that he spoke by telephone to an employee of TMT Customer Service who assured him that the container would be delivered properly. Reference is also made to the sworn statements of Mr. Rubén Carbonell and Mr. Orlando Cobian, which were submitted as exhibits in Packers' opposition to the present motion. The sworn statement of Mr. Carbonell, Servicing Manager of Packers, is to the effect that Mr. Leslie Seda, an employee of said company, is in charge of the purchase of merchandise from stateside suppliers and handles the commercial transactions with Butler. He also asserts that Mr. Oscar Vargas is in charge of operations concerning the arrival and receipt of trailers from different maritime carriers and that no one at Packers received any communication on May 30, 1986, in reference to the arrival of any cargo. The other sworn statement, subscribed by Mr. Cobian, an employee of Packers, is to the effect that he never received any telephone communication from Mr. Ramón Colón, an employee of TMT, or any one else concerning the arrival of the cargo and further denies his involvement in the transmittal of merchandise bought from stateside suppliers or in its arrival and receipt at the port.

Co-defendant TMT, on the other hand, has submitted a sworn statement of the employee who notified by telephone the cargo's arrival and a copy of the freight waybill where the date and person notified (Mr. Cobian) were recorded. Moreover, in

---

**1.** Co-defendant Packers has also filed an opposition raising the same alleged controversy of fact.

TMT's reply to plaintiff's opposition, several freight waybills concerning other contemporaneous shipments not subject of the present suit have been submitted wherein it appears that Mr. Cobian was the person notified by telephone of the cargo's arrival at the port of discharge. A sworn statement of the person who made and recorded those notifications has been filed. Soon after each notification to Mr. Cobian, the cargo was picked up.

TMT argues that the bill of lading does not designate any particular person who was to be notified at the consignee's premises as to the arrival of the cargo. Based on the information provided by plaintiff, the bill of lading provides the name of Packers Provision Co. as the "Notifying Party" and the telephone number 1–809–783–0011. Consequently, TMT contends that it constructively delivered these goods in a timely fashion, and as such, is not liable for whatever damages may have occurred to the cargo between the date of constructive delivery (5/30/86) and the date of the actual pick up (7/1/86). We agree.

In the instant case, co-defendant TMT fully satisfied its burden of showing that there was no genuine issue of material fact with respect to the timely notification of the arrival of the cargo to the consignee. Co-defendant's affidavits, as well as the record made of the notification in the freight waybill—which was made in the normal course of business—clearly establish that the consignee was properly notified. Co-defendant has discharged its burden of showing that there is an absence of evidence to support the nonmoving party's (plaintiff's) case. *Catrett, supra,* 106 S.Ct. at 2554.

Despite this showing, plaintiff produced virtually no evidence to refute defendant's position. The sworn statement of Mr. Lawrence Lipoff submitted by plaintiff does not controvert TMT's assertion that notification was made in a timely fashion. Moreover, the sworn statement of Mr. Rubén Carbonell to the effect that no one at Packers received any communication whatsoever on May 30, 1986, must be rejected to the extent that there is no affirmative showing that the affiant was competent to testify as to this matter or that these facts were based on his personal knowledge as required by Rule 56(e). This statement constitutes an unsupported allegation which sets forth a conclusory fact, and as such, is insufficient to either support or defeat a motion for summary judgment. *May v. Department of Air Force,* 777 F.2d 1012, 1016 (5th Cir.1985); *Galindo v. Pérez,* 754 F.2d 1212, 1216 (5th Cir.1985).

Likewise, Mr. Cobian's affidavit to the effect that he had not been notified by telephone of the arrival of the cargo, and his denial as to any involvement in the shipment, arrival and receipt of merchandise is merely colorable, and as such, does not satisfy plaintiff's burden in resisting summary judgment. *Anderson, supra,* 106 S.Ct. at 2511. TMT's submissions made it necessary for plaintiff to come forward with "significant probative evidence" which would have tended to show a genuine dispute over notification of the arrival of the cargo. *Cities Service Co., supra,* 391 U.S. at 290, 88 S.Ct. at 1593; *Pérez de la Cruz v. Crowley Towing & Transp. Co.,* 807 F.2d 1084, 1086 (1st Cir. 1986), *cert. denied,* — U.S. —, 107 S.Ct. 2182, 95 L.Ed.2d 838 (1987). That is, plaintiff would have to advance more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Plaintiff's claims are implausible when confronted with several freight waybills which indicate that contemporaneous shipments were picked up after Mr. Cobian was notified of their arrival. Therefore, we find that based on the parties' submissions, no reasonable jury could find that a genuine issue of material fact exists as to proper notification of the arrival of the cargo. Where, as here, the opposing affidavits are of "insufficient caliber", no genuine issue exists to allow a rational jury to decide. *Anderson, supra,* 106 S.Ct. at 2513. Here, plaintiff's submissions do not rise to the level of persuasiveness required, especially when we consider that plaintiff's claim was contrary to an express writing which was made in the normal course of business and

was prepared contemporaneously with the telephone notification. *In accord, Matsushita, supra.*

Wherefore, it appearing that defendant has positively established that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, defendant's motion for summary judgment is hereby GRANTED.

The Clerk shall enter judgment dismissing the present action as to co-defendant Trailer Marine Transport Corporation. The proceedings shall continue their normal course as to the remaining defendant, Packers Provision Company of Puerto Rico.

SO ORDERED.

