Gregory J. WENTZ, Plaintiff-Appellant,

v.

DEPARTMENT OF JUSTICE,
Defendant-Appellee.

No. 83–2155.

United States Court of Appeals,
Seventh Circuit.

Argued May 31, 1984.

Decided Aug. 30, 1985.

Rehearing and Rehearing En Banc
Denied Nov. 7, 1985.

Cudahy, Circuit Judge, dissented and filed an opinion.

---

Howard S. Suskin, Jenner & Block, Chicago, Ill., for plaintiff-appellant.

Thomas D. Sykes, Asst. U.S. Atty., Madison, Wis., for defendant-appellee.

Before PELL, Circuit Judge, CUDAHY, Circuit Judge, and CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

Gregory Wentz, the plaintiff below, brings this appeal from the district court's grant of summary judgment in favor of the Department of Justice. The plaintiff brought this suit under the Privacy Act, 5 U.S.C. § 552a, seeking to compel the defendant to amend a document maintained in the files of the United States Attorney for the District of North Dakota. The district court held that the general exemption from the disclosure and amendment requirements of the Privacy Act authorized by 5 U.S.C. § 552a(j)(2) applied to that system of records and granted judgment for the defendant. Appellant challenges that conclusion on this appeal.

The relevant facts are undisputed. Wentz was convicted in the United States District Court for North Dakota of two drug-related crimes and subsequently pled guilty to a charge of unlawfully carrying a firearm during the commission of a felony. Pursuant to the terms of his guilty plea, appellant agreed to cooperate with the government by furnishing information relating to drug shipments. On March 13, 1981, Wentz was sentenced to twelve years of imprisonment on the three charges. In May of that year, Gary Annear, the Assistant United States Attorney who prosecuted appellant, prepared a Form 792 relating to Wentz. That document is entitled "Report on a Convicted Prisoner by a United States Attorney." The function of Form 792 is to inform the United States Parole Commission of the prosecutor's opinion regarding the prisoner and the propriety of granting him parole. The document requests information regarding, *inter alia*, the details of the prisoner's crimes and the prisoner's assistance, if any, with the government. With respect to Wentz's cooperation with the government, Annear stated:

> The defendant and co-defendants have refused to cooperate at all in the resolution of this case. In fact they have thrown up obstacle after obstacle in our attempt to find out who the persons involved in this case are, both who they were going to supply and who supplied them.

The Form 792 also has a section entitled "disclosure instructions" which provides two alternatives:

> _____ This report may be disclosed to the prisoner prior to his parole hearing.

> _____ An additional copy of this report with deletions of exempt material, and a summary of this deleted material, are attached for disclosure to the prisoner. The original is to be shown to the Parole Commission.

The form filled out by Annear relating to Wentz indicated that full disclosure could be made to the prisoner.

Copies of the Form 792 are retained in three separate record systems: (1) the United States Attorney's File (designated JUSTICE/USA–007); (2) the United States Bureau of Prisons' Central File (designated JUSTICE/BOP–005); and (3) United States Parole Commission's Inmate and Supervision File (designated JUSTICE/USPC–003). Pursuant to 5 U.S.C. § 552a(j)(2), the Justice Department has promulgated regulations exempting all three of those filing systems from the access requirements of the Privacy Act, *see* 28 C.F.R. §§ 16.81,

* The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

16.85, 16.97. It is uncontroverted that those regulations were properly promulgated in accordance with the procedural requirements of the Privacy Act. Those regulations do provide for limited disclosure, *see* 28 C.F.R. §§ 16.81(c), 16.85(d), 16.97(c); and the Parole Commission is required to provide access to certain documents pursuant to 18 U.S.C. § 4208.

Soon after his incarceration, the Form 792 filled out by Annear was disclosed to Wentz by the Bureau of Prisons. On October 7, 1981 appellant wrote a letter to the prosecutor requesting him to amend his statement regarding the lack of cooperation. Annear declined to do so. On June 16, 1982, the Parole Commission disclosed certain documents to Wentz including the Form 792. He then wrote to the United States Attorney for the District of North Dakota requesting that the document be amended pursuant to 5 U.S.C. § 552a(d)(2) to indicate that he had cooperated with the government. Annear responded by writing a letter to the Parole Commission saying that the statement on the Form 792 was accurate and no amendment was appropriate. Wentz then wrote another letter to the United States Attorney requesting amendment of the form but no change was ever made.

Appellant filed his complaint in the District Court on November 3, 1982 seeking injunctive and declaratory relief against the Justice Department. Wentz alleged numerous causes of action; however, the only issue before this Court is whether the District Court properly granted summary judgment on the Privacy Act claims.

The specific remedy appellant seeks on this appeal is the amendment of the Form 792 maintained in the United States Attorney's record system. He disclaims any interest in amending the corresponding documents in the Bureau of Prisons' file or the Parole Commission's file. He contends that if he prevails with respect to the United States Attorney's copy, that agency will be required, pursuant to 5 U.S.C. § 552a(d)(4), to notify any other agency to whom it has disclosed the document.

While appellant concedes that the Justice Department has promulgated regulations to exempt the JUSTICE/USA–007 system from the requirements of the Privacy Act, he argues that those regulations do not apply to this case. He notes that 28 C.F.R. § 16.81(b)(3) only addresses "access to the records" and therefore, he contends, the regulations only exempted the United States Attorney's files from disclosure. He further argues that since the Form 792 has already been disclosed to him, the regulations have no relevancy to his right to amend the document pursuant to 5 U.S.C. § 552a(d)(2). There are numerous flaws in this argument which require its rejection.

This Court recently discussed the Privacy Act in the context of law enforcement records systems in *Shapiro v. Drug Enforcement Agency*, 721 F.2d 215 (7th Cir. 1983). In that opinion, the Court noted that the exemption authorized by 5 U.S.C. § 552a(j)(2) is a general exemption which applies to a whole system of records of the agency and therefore the Privacy Act "does not require that a regulation's rationale for exempting a record from disclosure apply in each particular case," 721 F.2d at 218. Examined in this broader context, the rationale for the exemption of the United States Attorney's files from the disclosure provisions of the Privacy Act is relevant and valid with respect to the Form 792.

The Parole Commission provided Wentz with the Form 792 pursuant to 18 U.S.C. § 4208(b) which requires that the prisoner be provided with "reasonable access to a report or other document to be used by the Commission in making its determination," *see e.g. Wilden v. Fields*, 510 F.Supp. 1295, 1312 (W.D.Wis.1981). However, 18 U.S.C. § 4208(c) specifically authorizes the deletion of certain information from the documents disclosed to the prisoner, *see Brunnelle v. Kerr*, 557 F.Supp. 969 (W.D.Wis. 1983). As noted previously, the Form 792 provides for the excision of certain information from the copy revealed to the prisoner. Therefore, the regulations exempting the United States Attorney's files from disclosure are still relevant to the Form 792

since, in certain situations, the copy retained in the JUSTICE/USA–007 file would contain information not revealed in the prisoner's copy. Therefore, the Justice Department is not required to disclose the Form 792. This exemption applies to Wentz as well, even though he had seen the Parole Commission's copy, since "the rationale of the exemption need not apply in each particular case," *Shapiro, supra.*

Since Wentz is not entitled to have access to the copy of the Form 792 in the United States Attorney's files, and that is the only copy he wishes to amend, we could uphold the district court's decision on the rationale that you cannot amend a document if you don't have access to it, *see e.g. Exner v. F.B.I.,* 612 F.2d 1202, 1204 (9th Cir.1980). However, we need not rely only on that simplistic reasoning to uphold the exemption in this case. We also conclude that the Justice Department's regulations do address the amendment provisions of the Privacy Act and provide valid reasons, consistent with 5 U.S.C. § 552a(j), for exempting the United States Attorney's files from that requirement of the statute.

The right to request amendment of agency records and to seek to compel such amendment is provided in subsection (d) of 5 U.S.C. § 552a. The Justice Department regulations specifically exempt the United States Attorney's files from that subsection, 28 C.F.R. § 16.81(b)(3). While the regulation discusses "access to records," which might seem to designate only disclosure considerations, that phrase is the title of the entire subsection (d) in the statute. Furthermore, as noted previously, the ability to amend a document presupposes access to it. Therefore, we believe there is no doubt that the exemption was intended to cover both the disclosure and the amendment requirements.

Appellant's contention that the reasons for the exemption stated in 28 C.F.R. § 16.81(b)(3) are not relevant to the amendment of a document previously disclosed, in whole or in part, is not persuasive in light of the remedy he seeks. In his initial brief, he requests that this Court remand the case to the district court "for a *de novo* determination of whether Wentz's Form 792 should be amended in accordance with his request," Appellant's br. p. 27. Such relief would require a trial on the factual issue of whether Wentz has cooperated with the government. The appellant relies on the court reporter's notes from his guilty plea to support his contention that he cooperated. However, that evidence is irrelevant to the issue. Annear did not state on the Form 792 that Wentz did not agree to cooperate; he said that he had not, in fact, cooperated. The fact that a promise has been made is not probative of whether the promise was performed. A determination as to whether appellant cooperated would require evidence of the information appellant provided and the results of the Justice Department's utilization of it. It is clear from the Form 792 that the government is trying to discover the identity of Wentz's suppliers and the people he intended to supply. The statement of Annear regarding appellant's cooperation indicates that Wentz has provided no useful information or that he has provided misinformation. If we were to require the Justice Department to present evidence in support of Annear's statement, we would force it to reveal details of its investigation. This could cause the defendant to disclose to Wentz "information that might enable him to avoid detection, apprehension, or legal obligations," 28 C.F.R. § 16.81(b)(3). For as this Court has previously noted with respect to Wentz and Alfred Shapiro:

> [T]he fact that appellants already have been convicted does not mean that the [Justice Department] is no longer investigating them. *Shapiro, supra,* 721 F.2d at 218.

More importantly, to the extent the Justice Department is pursuing the other participants in the drug importation scheme, revelation of the progress of its investigation would "present a serious impediment to law enforcement," 28 C.F.R. § 16.81(b)(3). Therefore, we find no merit to appellant's argument that the considerations listed in the regulation are not relevant to the amendment provisions of the Privacy Act.

We recognize that exemptions to the Privacy Act's access and challenge provisions must be narrowly construed and that the exemption requirements must be strictly satisfied, *Hernandez v. Alexander*, 671 F.2d 402, 407 (10th Cir.1982); *Nemetz v. Dept. of Treasury*, 446 F.Supp. 102, 105 (N.D.Ill.1978). However, our holding does not violate those principles. We have not broadened the scope of the exemption authorized in 5 U.S.C. § 552a(j)(2); the Form 792 is indisputably within the category of documents described in that provision. That statute requires that the Justice Department's regulations state "the reasons why the system of records is to be exempted *from a provision of this section,*" 5 U.S.C. § 552a(j)(2). The regulations of the Justice Department satisfy that requirement since they specifically exempt the records from subsection (d) of that statute, *see* 28 C.F.R. § 16.81(b)(3). Furthermore, the reasons provided in the regulation justify the decision to invoke the exemption. Therefore, the requirements of 5 U.S.C. § 552a(j)(2) have been strictly satisfied and, even under a narrow construction, the exemption applies.

For the reasons stated above, the judgment of the District Court is AFFIRMED.

CUDAHY, Circuit Judge, dissenting:

The Privacy Act allows government agencies to exempt certain information from disclosure and amendment. The information at issue here—the nonsensitive information included on that part of a 792 form that can be shown to a prisoner—cannot be exempted from disclosure. Nevertheless, the government argues that it can be exempted from amendment. Assuming, as the Act does, that amendment is on balance just and useful, I believe the present result is incorrect.

We must not allow ourselves to be blinded by the details of record-keeping. What is at issue here is information, not the location of certain pieces of paper. The law says that the nonsensitive information on a 792 form cannot be kept from a prisoner; indeed, the law requires that it be made available to him. If there is some reason to distinguish amendment from disclosure, so that information that cannot be exempted from disclosure can nonetheless be exempted from amendment, the burden would seem to be on the government to say what that reason is.

Unfortunately the majority has accepted an argument that is based on speculation and would justify shielding nearly all Justice Department records from amendment. The reason for avoiding disclosure of certain information is clear: in the case of criminal investigations, it would be indefensible to require law enforcement agencies to give up information that might undermine ongoing criminal investigations. But why avoid amendment of material that has been disclosed? The government relies *not* on the dangers of amendment itself—there aren't any—but on the dangers that might accompany the hearing required when the government refuses to amend. For if there were a hearing, according to the government, *other* information about ongoing investigations might be disclosed.

A more speculative argument is hard to imagine. The information relevant to the question of cooperation is information about the behavior of the prisoner, and there is no reason why a hearing could not be limited to such evidence. In allowing the government to win on that argument, the majority is inviting it to insulate from amendment a whole body of information only tangentially related to anything sensitive. Today's holding would allow agencies to classify information not on the basis of content but on the basis of the sensitivity of information that might be called for in a hearing about amendment. If the courts are anxious to take an agency's word for what might be disclosed at such a hearing, it is difficult to imagine any information held by a law enforcement agency that will not be exempt from amendment.

Nothing terrible will happen in the particular case; it seems to me that Wentz is unlikely to be able to prove something so vague as cooperation. But the force of the

statute is further eroded. I therefore respectfully dissent.