**Michael AQUINO, Plaintiff,**

v.

**The Honorable Michael STONE,
Secretary of the Army,
Defendant.**

**Civ. A. No. 90–1547–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

July 1, 1991.

Gary R. Myers, Washington, D.C., for plaintiff.

Henry E. Hudson, U.S. Atty., E.D. Virginia, Dennis E. Szybala, Asst. U.S. Atty., Alexandria, Va., Patrick W. Lisowski, Major, U.S. Army, Army Litigation Section, Arlington, Va., for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This is a civil action brought by the plaintiff, Aquino, against the defendant, the Secretary of the Army, pursuant to the Privacy Act of 1974, 5 U.S.C.A. § 552a(g). Plaintiff alleges that the United States Army Criminal Investigation Command (CID) has refused to amend a Report of Investigation (ROI) which states that the plaintiff was the subject of an investigation for sexual child abuse and related crimes. Plaintiff seeks to remove his name from

the title block of the ROI, to recover damages for the alleged willful and intentional misconduct of the Army for refusing to accurately maintain this record, and to recover attorney fees and costs.

This matter came before the court on defendant's motion for summary judgment. The Secretary of the Army asserts that the plaintiff has failed to state a claim under the Privacy Act because the ROIs are exempt from the amendment and civil liability provisions of the Privacy Act. If the Privacy Act exemption applies, plaintiff's only remaining remedy for relief is pursuant to the Administrative Procedure Act (APA), 5 U.S.C.A. § 702, where the standard of review of the defendant's refusal to amend the ROI is whether or not the defendant acted arbitrarily and capriciously. Plaintiff argues that the Privacy Act does not apply in this case because the rationale for the exemption is not present in this case. Therefore, the standard of review of the Army's actions is *de novo*.

Plaintiff is a lieutenant colonel in the United States Army Reserve. His name appears in the title block of a CID ROI for indecent acts with a child and related offenses. Kinsey Marie Adams–Thompson appears in the victim block of that report. She and her parents were interviewed by an FBI agent about allegations of child abuse at the Child Development Center (CDC) in 1987 because Kinsey told a doctor at the base that a CDC employee, Gary Hambright, had sexually molested her. Later, an investigation of LTC Aquino and his wife also commenced.

In January 1988 plaintiff made a written sworn statement denying the allegations against him and preferring sworn charges against Captain Adams–Thompson, the child's father. Plaintiff charged Captain Adams–Thompson with conduct unbecoming an officer because the Captain reported the allegations of child abuse to the San Francisco police. Based on these sworn statements, plaintiff was investigated for false swearing.

Although the San Francisco police department (SFPD) closed its investigation and filed no charges against the plaintiff or anyone else, the CID investigators drafted an investigative plan for plaintiff's case. After the investigation, the evidence was reviewed by LTC Schwender, staff judge advocate for the Presidio. He determined that there was probable cause to title LTC Aquino with offenses of indecent acts with a child, sodomy, conspiracy, kidnapping, and false swearing.

The final ROI was issued in August 1989. In January 1990, plaintiff appealed the titling determination. Plaintiff's amendment request was reviewed internally. Colonel Gilligan, who reviewed the amendment request, recommended deleting plaintiff from several charges which had been investigated. The commanding general of the CID adopted those recommendations in September 1990. However, plaintiff remains titled for indecent acts with a child, sodomy, conspiracy, kidnapping, indecent acts and false swearing.

■ Under the Privacy Act, an individual may gain access to and may request amendment of his record or any information which is contained in a system of records maintained by an agency. 5 U.S.C.A. § 552a(d)(1) and (2). Under 5 U.S.C.A. § 552a(g), an individual is permitted to bring a civil action against the agency in the United States district courts whenever any agency determines not to amend an individual's record in accordance with his request. However, an agency may exempt law enforcement records from the application of § 552a(d) and (g) under subsection 552a(j)(2). To properly exempt a system of records from the Privacy Act requirements, "an agency must: (1) promulgate rules, pursuant to the rule making requirements of § 553(b)(1), (2), and (3), (c) and (e), ... and (2) state the reasons in the rule itself why the system of records is to be exempt from a provision of the Act." *Ryan v. Department of Justice*, 595 F.2d 954, 957 (4th Cir.1979). In this case the parties have not challenged the exemption of the entire system of records, specifically, criminal investigation files, but the plaintiff does challenge the applicability of that exemption in this case.

Plaintiff argues that the reasons listed for the exemption in 32 C.F.R. § 505.5 do not apply in this case.[1] Plaintiff asserts that there is and was no ongoing investigation to be protected, there is and was no classified information, there is and was no unrevealed investigatory techniques or confidential informants and there is and was no invasion of any person's privacy. Accordingly, plaintiff asserts that there is no necessity for the exemption when the ROI is revealed and the titling is accomplished.

The Army, though, has completely exempted this entire system of records from the civil remedies provisions of the Privacy Act. The Army promulgated rules at 32 C.F.R. § 505.5 and complied with the requirement for stating the reasons for the exemption in the rule. Within that exemption, the Army has exempted the failure to amend a criminal investigation from the civil remedies provision of the Privacy Act. "By requiring the agency to state the reasons in the rule itself for exempting a system of records from a provision of the Privacy Act, the extent of the exemption intended can be fully ascertained." *Ryan,* 595 F.2d at 958. Furthermore, "the exemption authorized by 5 U.S.C. § 552a(j)(2) is a general exemption which applies to a whole system of records of the agency and therefore the Privacy Act 'does not require that a regulation's rationale for exempting a record from disclosure apply in each particular case.' " *Wentz v. Department of Justice,* 772 F.2d 335, 337 (7th Cir.1985), *cert. denied,* 475 U.S. 1086, 106 S.Ct. 1470, 89 L.Ed.2d 726 (1986) (quoting *Shapiro v. Drug Enforcement Agency,* 721 F.2d 215, 218 (7th Cir.1983)).

In *Wentz* the appellant argued that since a certain document had already been revealed to him, the exemption to amendment had no relevancy to him. 772 F.2d at 337. The court rejected that argument since the rationale of the exemption need not apply in each particular case. Further, in the appellant's original copy of the document requested certain portions of the document were deleted and only included in the Justice Departments' copy. Thus, the exemption would be applicable in certain situations. *Id.* at 338.

Similarly, plaintiff's original ROI had certain matters deleted with the notation "Privacy Act". Although the plaintiff received the full copy in discovery, there may be occasions when the Army copy would contain information that would not be contained in an individual's copy and the exemption would be applicable. In addition, since the exemption need not apply in each particular case, the exemption applies to plaintiff's case as well.

■ Because the exemption from the Privacy Act specifically covers the entire system of records in which plaintiff's ROI is contained, plaintiff cannot bring an action for civil remedies pursuant to the Privacy Act. Therefore, the applicable standard of review of the Army's decision not to amend the plaintiff's ROI is whether the Army acted arbitrarily and capriciously.

■ The Army reviewed plaintiff's request to amend the ROI under Army Regulation 195–2 since the ROIs are exempt from the amendment provisions of the Privacy Act.[2] Thus, plaintiff's only remaining

---

1. 32 C.F.R. § 505.5 provides in part:

(2) EXEMPTION—All portions of this system of records [Criminal Investigations and Crime Laboratory Files] which fall within 5 U.S.C. § 552a(j)(2) are exempt from [5 U.S.C. § 552a(d) and (g)] ...

(4) REASONS— ... (b) From subsections ... (d), ... and (g) because access might compromise on-going investigations, reveal classified information, investigatory techniques or the identity of confidential informants, or invade the privacy of persons who provide information in connection with a particular investigation. The exemption from access necessarily includes exemption from amendment, certain

agency requirements relating to access and amendment of records, and civil liability predicated upon agency compliance with those specific provisions of the Privacy Act. The exemption from access necessarily includes exemption from other requirements.

2. Army Regulation 195–2, Criminal Investigation Activities, para. 4–4b (Oct. 30, 1985) provides:

b. *Amendment of CID reports.* CID reports of investigation are exempt from the amendment provisions of the Privacy Act and AR 340–21. Requests for amendment will be considered only under the provisions of this regulation.

remote is under the APA. The APA does not waive sovereign immunity from claims for monetary relief. *See, e.g., Rhodes v. United States*, 760 F.2d 1180, 1184 (11th Cir.1985); *Ghandi v. Police Dept. of Detroit*, 747 F.2d 338, 343 (6th Cir.1984), *cert. denied*, 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988); *Doe v. Civiletti*, 635 F.2d 88, 94 (2d Cir.1980). Therefore, plaintiff is only entitled to injunctive-type relief based on a review of the Army's refusal to delete his name from the ROI title block.

Under the APA, plaintiff is not entitled to *de novo* review of his claim because such review is only afforded under the APA when seeking enforcement of nonadjudicatory agency action and when the factfinding procedures are inadequate. *See* 5 U.S.C.A. § 706(2)(F). Thus the court should determine whether the Army's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C.A. § 706(2)(A). Under this standard of review, the Army decision maker is afforded considerable deference. The inquiry is confined to whether the decision challenged was based on relevant factors and whether there was a clear error in judgment. *Heisig v. United States*, 719 F.2d 1153 (Fed.Cir.1983); *Sidoran v. Commissioner*, 640 F.2d 231 (9th Cir.1981).

The facts in the administrative record support the conclusion that the CID decision not to remove plaintiff's name from the title block was not arbitrary or capricious. There was sufficient evidence from which the Army decision maker could determine that probable cause existed to believe that the plaintiff committed the offenses. The fact that reasonable minds may differ over the conclusions reached does not mean that Army decision makers made a clear error in judgment. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Automobile Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983); *Benvenuti v. Department of Defense*, 613

F.Supp. 308, 311–12 (D.D.C.1985), *aff'd*, 802 F.2d 469 (Fed.Cir.1986).

An appropriate order shall issue.

### ORDER

This matter came before the court on cross motions for summary judgment. For the reasons stated in the accompanying memorandum opinion, it is hereby

ORDERED that plaintiff's motion for summary judgment is DENIED and that defendant's motion for summary judgment is GRANTED and this case is dismissed.

Requests to amend CID reports of investigation will be granted only if the individual submits new, relevant, and material facts that are determined to warrant revision of the report. The burden of proof is upon the individual. Requests to delete a person's name from the title block will be granted if it is determined that probable cause does not exist to believe that the individual committed the offense for which titled as a subject.