United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 05-30118
Summary Calendar

---

STUART H. SMITH, JR.,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

---

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 2:03-CV-3006)

---

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Reviewing the record de novo, we affirm the district court's dismissal of Smith's

suit for lack of subject matter jurisdiction for the following reasons:

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. We agree with the majority of other circuits that, under section 552a(g)(5) of the Privacy Act (5 U.S.C. 552a et seq.), a cause of action accrues when the plaintiff knew or should have known of the alleged violation. *E.g., Davis v. U.S. Dep't of Justice,* 204 F.3d 723, 726 (7th Cir. 2000) (the statute of limitations starts to run when the plaintiff first knew or had reason to know of a violation) (citations omitted). Because Smith had knowledge of the Letter Incident Report of which he complains as early as November of 1996 and did not file suit until October of 2003, his claim that the government failed to properly maintain a record under the Privacy Act was untimely.

2. We agree with other circuits that the scope of accessibility and the scope of amendment under the Privacy Act are coextensive. *E.g., Baker v. Dep't of the Navy,* 814 F.2d 1381, 1384-85 (9th Cir. 1987); *Wentz v. Dep't of Justice,* 772 F.2d 335, 338 (7th Cir. 1985) ("[Y]ou cannot amend a document if you don't have access to it"). The Letter Incident Report prepared in response to Smith's FTCA claim was prepared in reasonable anticipation of a civil suit or proceeding and is exempt from the access requirements of the Act. *See* 5 U.S.C. § 522a(d)(5). The report is therefore also exempt from the amendment requirements of the Act. *See id.* at § 522a(d)(2)—(3). Smith's claim that the government failed to properly amend a record under the Privacy Act is barred by exemption.

Affirmed.