**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID JACKSON,

        Plaintiff–Appellant,

      v.

ERIC KEN SHINSEKI, United States
Secretary of Veterans Affairs; LYNETTE
A. ROFF, Director, VA Eastern Colorado
HCS,

        Defendants–Appellees.

No. 12-1385

(D.C. No. 1:10-CV-02596-MSK-CBS)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiff David Jackson, proceeding pro se, appeals from the district court's

dismissal of his amended complaint and the denial of his request to subpoena his wife and

various Colorado government officials. We begin with the principle that "[a] pro se

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Under this principle, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*

After reviewing Plaintiff's amended complaint and the record on appeal, we share in the district court's difficulty in discerning the claims Plaintiff asserted. Our review has led us to identify the following claims: (1) Defendants disclosed contents of Plaintiff's personnel and medical files to his wife and Colorado government officials, in violation of 5 U.S.C. § 552a(b); (2) Defendants provided only partial records in response to Plaintiff's July 2007 and September 2010 requests for access to his records, in violation of § 552a(d) and (g)(1)(B); (3) Defendants failed to maintain Plaintiff's medical records, specifically his psychiatric evaluations, with such accuracy as necessary to assure fairness in the discharge of Plaintiff from his employment, in violation of § 552a(g)(1)(C); and (4) Plaintiff was wrongfully discharged from his federal employment in 1994. We evaluate each claim in turn.

Under the Privacy Act, a plaintiff must file suit within two years from the date on which the cause of action arises. 5 U.S.C. § 552a(g)(5). The failure to do so deprives the court of subject matter jurisdiction. *See Harrell v. Fleming*, 285 F.3d 1292, 1293-94 (10th Cir. 2002).

All but one of Plaintiff's claims arise under the Privacy Act and are therefore subject to the two-year statute of limitations. We agree with the district court that the majority of these claims are untimely. Plaintiff's first claim is based on allegedly improper disclosures that, according to his own allegations, took place prior to 2000. Plaintiff was admittedly aware of these disclosures when his wife "filed his military psychiatric records in a state divorce action" in 2000 (R. at 150), or at least when he received a letter from Defendant Roff in June 2007, confirming that "[i]n 1999, records were released to both his wife . . . and to the Arapahoe Probation Department" pursuant to releases signed by Plaintiff (R. at 31). In the same letter, Defendant Roff informed Plaintiff that the Department of Veterans Affairs "do[es] not have a copy of [the] psychiatric evaluation" from his private psychiatrist that led to his ability to return to work. (*Id.*) This, again at the latest, put Plaintiff on notice of his third claim, that Defendants failed to maintain his medical records in a way to ensure the fairness of his discharge.[1] Accordingly, the limitations period on Plaintiff's first and third claims began to run, at the latest, in June 2007, more than three years before Plaintiff filed his first complaint. Because these claims are untimely, the district court lacked subject matter

---

[1] The underlying facts regarding Plaintiff's prior employment are not entirely clear. According to Plaintiff's allegations, he was discharged from his employment in 1994 and was not permitted to return to work. This is in conflict with the representation made in the 2007 letter that Plaintiff was permitted to return to work after being cleared by his private psychiatrist.

jurisdiction over them.[2]

Plaintiff's second claim, however, is timely—he received what he maintains was a partial disclosure of his records on November 4, 2010, and filed his amended complaint challenging this disclosure on January 26, 2011.[3] Turning to the merits, the district court initially concluded that Plaintiff's disclosure claim did not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It nevertheless stayed the dismissal of that claim and ordered a settlement conference to determine whether Plaintiff's claim could be resolved through disclosure of the requested documents. Following the district court's order, Defendants provided Plaintiff with a copy of his official personnel file and, during the settlement conference—which transformed into something more akin to an evidentiary hearing—they informed the magistrate judge that no further documents existed. As a result, Defendants moved to dismiss Plaintiff's

---

[2] On appeal, Plaintiff appears to argue that the statute of limitations should be equitably tolled. Because this claim is raised for the first time on appeal, we do not consider it. *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

[3] In their motion to dismiss Plaintiff's amended complaint, Defendants argued Plaintiff's disclosure claim based on his 2007 request was barred by the statute of limitations. However, the statute of limitations did not begin to run until Plaintiff "knew or had reason to know" his request had been denied. *Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984). According to Plaintiff's allegations, he did not receive any contact from the VA regarding his 2007 request until November 4, 2010. It is not clear from the amended complaint that Plaintiff knew or should have known prior to this date that his 2007 request had been denied. *See Englerius v. Veterans Admin.*, 837 F.2d 895, 898 n.2 (9th Cir. 1988) ("The question of when a petitioner should know from the VA's continued silence that it has failed or refused to act upon his request is a factual one to be determined on the basis of the record in the particular case.").

disclosure claim as moot. The district court determined Defendants had "provided Mr. Jackson with copies of all responsive documents in their possession," thus "discharg[ing] all of their obligations under the Privacy Act" (R. at 840), and accordingly dismissed Plaintiff's disclosure claim.

Having thoroughly reviewed the record, we see no error in the district court's conclusion. After Defendants released the documents to Plaintiff, "there existed no 'case or controversy' sufficient to confer subject matter jurisdiction on the federal court." *Bloom v. Soc. Sec. Admin.*, 72 F. App'x 733, 734 (10th Cir. 2003) (affirming dismissal of the plaintiff's Privacy Act disclosure claim as moot because the "SSA had already turned over all requested documents to [the plaintiff]").

We turn then to Plaintiff's final claim, that he was wrongfully discharged from his federal employment. The basis of this claim is less than clear. To the extent Plaintiff argues the Defendants took an adverse action (discharge) against him without following the proper procedures, the Civil Service Reform Act provides Plaintiff's exclusive remedy. *See Petrini v. Howard*, 918 F.2d 1482, 1485 (10th Cir. 1990). Under the CSRA, "a petition to review a final order or final decision of the [Merit Systems Protection] Board shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(b)(1)(A). Even assuming Plaintiff timely complied with the administrative review process of the CSRA, the district court lacked jurisdiction to consider Plaintiff's wrongful discharge claim; any such claim was required to be filed in the Federal Circuit. To the extent Plaintiff's claim challenges the procedures or lack thereof leading up to his

-5-

termination under the Administrative Procedures Act or the due process clause, any such claim is preempted by the CSRA.  *See Arron v. United States*, Nos. 96-2086, 96-2288, 1997 WL 265103, at \*4-6 (10th Cir. May 20, 1997) (unpublished).  Accordingly, the district court properly dismissed Plaintiff's wrongful termination claim.

Having properly dismissed all of Plaintiff's claims, the district court did not err in denying Plaintiff's request to subpoena his wife and the various Colorado government officials.  There remained no claims for which Plaintiff was entitled to discovery.

In addition to challenging the district court's order, Plaintiff appears to assert several additional claims he believes support his entitlement to relief.  (*See, e.g.*, Appellant's Reply Br. at 3 (stating the VA's actions constitute "a direct violation of ADA 42 U.S.C. § 12112"), 4 (discussing prima facie case for Title VII discrimination claim), 14 (apparently seeking to enjoin future disclosures), 14-15 (stating Defendants violated 5 U.S.C. § 552a(c) by failing to keep an accurate account of the disclosures).)  However, Plaintiff may not assert new claims on appeal.  *See McRann v. United Int'l Holdings, Inc.*, 61 F. App'x 563, 570 (10th Cir. 2003).

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.  Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.  Plaintiff's motion to reconsider the order denying his motion to supplement the record is **DENIED** for the same reasons as stated in the previous order.  Plaintiff's motion for leave to file an amended reply brief is **GRANTED**; we have considered the arguments Plaintiff raises in

his amended reply, and they do not affect our decision.

Entered for the Court


Monroe G. McKay
Circuit Judge