NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2016[*]
Decided April 19, 2016

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2741

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:06 CR 00011-001 |
| DANIEL W. CURRY, *Defendant-Appellant.* | Larry J. McKinney, *Judge.* |

**O R D E R**

Daniel and Arthur Curry, who are brothers, robbed four Indiana banks at gunpoint during the years 2003 through 2006. They were charged jointly with four counts of armed bank robbery, 18 U.S.C. § 2113(a), (d), and four counts of using a firearm during a crime of violence, *id.* § 924(c)(1). His brother pleaded guilty, but Daniel Curry was found guilty on all counts by a jury and, in 2007, sentenced to almost 90 years in prison. We

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2)(C).

upheld Curry's convictions and sentence on direct appeal. *United States v. Curry*, 538 F.3d 718 (7th Cir. 2008). In April 2015 he filed a motion, under the docket number of his criminal case, asking the district court to enter an order "authorizing the release of a copy of FBI DNA Case File #91A-IP-95252" from the FBI's crime lab in Quantico, Virginia. The district court rejected that request, reasoning that it lacked authority to grant it. We affirm that ruling.

Curry's motion was his second attempt to obtain materials relating to his convictions. In April 2014 he had filed a motion, also under the docket number of his criminal case, requesting that the district court release "Any and all documents in the Court's record pertaining to the DNA testimony, findings, or scientific conclusions" of the government's expert witness, Brendan Shea, who is an FBI analyst. Shea concluded that DNA taken from a fake beard and a glove found in getaway vehicles used during two of the robberies had come from Daniel Curry. The district court granted that motion and sent Curry one document: the government's notice regarding expert witness testimony pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).

Curry's dissatisfaction with this result prompted the motion underlying this appeal. In his motion Curry explained that he wants the case file from the FBI's crime lab because he has retained a DNA expert to review Shea's findings in anticipation of challenging his convictions through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Curry already had filed a post-conviction motion under 28 U.S.C. § 2255, which was denied.) An attorney he hired to gather documents that were disclosed during discovery in the criminal case, says Curry, received nothing from the lawyers who had represented him at the trial, on appeal, and during the § 2255 proceeding. The attorney also confirmed through the clerk of the district court that all trial exhibits had been returned to the parties at the end of the criminal case. (The significance of the trial exhibits is unclear because Curry does not suggest that documents from the crime lab, which is what he seeks, were offered *into evidence* rather than simply used by Shea in preparing to testify.) Curry relates in his motion that he also requested the file from the FBI under the Freedom of Information Act, see 5 U.S.C. § 552, but did not receive a response. His DNA expert even contacted the FBI crime lab but was told that the case file would not be released without a court order.

On appeal Curry argues that he is entitled to access judicial records from his criminal case, which, in his view, would include documents in the crime lab's DNA file. The government counters that under *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52 (2009), Curry has no freestanding right to access "DNA evidence."

For that reason, the government argues, the district court lacked subject-matter jurisdiction to entertain Curry's motion. The government reads too much into *Osborne*, which has no bearing on this case. Curry is not pressing a claim for access to the fake beard, the glove, or any samples collected during the FBI's investigation of the bank robberies; he wants lab reports prepared by crime lab employees.[1]

For different reasons, however, the government is correct that the district court lacked subject-matter jurisdiction. Curry's criminal case is long over, so the district court's authority to resolve questions relating to Curry's prosecution is quite limited. See *United States v. Rosby*, 454 F.3d 670, 675 (7th Cir. 2006); *Romandine v. United States*, 206 F.3d 731, 734–37 (7th Cir. 2000). Curry, like any member of the public, does have a federal common law right of access to judicial records. See *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013); *Smith v. Dist. Ct. Officers*, 203 F.3d 440, 441–42 (7th Cir. 2000). But Curry does not want any *judicial* record, which we have defined to include materials submitted to the court that "affect the disposition" of the case and are not subject to a statute, rule, or privilege that justifies confidentiality. *City of Greenville v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697 (7th Cir. 2014), quoting *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). The district court already had scoured the judicial record in response to Curry's first request and sent him what he wanted from the court's file. Instead of judicial records, Curry wants FBI records. As far as we can tell from Curry's submissions to the district court and to this court, the documents he wants his DNA expert to review were disclosed to his trial lawyer but lost in the nine years since his trial. If that is so, we do not understand the U.S. Attorney's unwillingness to re-disclose those documents if they are still readily available, saving needless litigation. But that said, Curry has not identified any authority authorizing the district court to compel the file's release by the FBI under these circumstances, so the district court properly rejected Curry's motion.

---

[1] Curry filed a second motion in the district court requesting that the fake beard and the glove be preserved for future DNA testing. See 18 U.S.C. § 3600A. The government responded that the evidence already had been destroyed, and the district court denied Curry's motion in the same order that disposed of his motion to compel release of the DNA case file. Although Curry's notice of appeal covers the denial of both motions, Curry does not challenge the denial of his motion under § 3600A on appeal, and, in any event, § 3600A does not provide for a civil remedy. The statute provides only for a criminal penalty if a person "knowingly and intentionally destroys, alters, or tampers with biological evidence that is required to be preserved . . . with the intent to prevent that evidence from being subjected to DNA testing." 18 U.S.C. § 3600A(f).

Curry's motion might well have been intended to enforce his right to disclosure of nonexempt agency records under the Freedom of Information Act. If so, he is not without recourse. Curry says that he submitted a FOIA request to the FBI in November 2014 but never received a reply. The statute requires prompt action, see 5 U.S.C. § 552(a)(6)(A), and in all likelihood he could have commenced a civil action seeking to compel disclosure, see *Oglesby v. Dep't of Army*, 920 F.2d 57, 63–64 (D.C. Cir. 1990) (explaining that requester constructively exhausted administrative remedies when agency failed to respond within statutory deadline). The adverse ruling on Curry's present motion will not undermine that remedy, however, because a six-year statute of limitations applies to lawsuits brought under FOIA. See 28 U.S.C. § 2401(a); *Howard v. Pritzker*, 775 F.3d 430, 437 (D.C. Cir. 2015); *Spannaus v. United States Dep't of Justice*, 824 F.2d 52, 55–57 (D.C. Cir. 1987). Any suit brought by Curry seeking disclosure of the DNA case file under FOIA must be brought in the Middle District of Florida where he resides, in the Eastern District of Virginia where the agency records are located, or in the District of Columbia. See 5 U.S.C. § 552(a)(4)(B).

AFFIRMED.