[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17643
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-00719-GKS-KRS


MARY N. GARRETSON,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 24, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Pro se petitioner Mary Garretson appeals the district court's dismissal of her civil suit seeking a refund for overpaid taxes, filed pursuant to 26 U.S.C. § 7422. Because Garretson filed her complaint outside of the two-year statute of limitations and because the circumstances of the case did not warrant equitable tolling, the district court dismissed her suit for lack of subject matter jurisdiction. On appeal, Garretson contends that the court should have equitably tolled the statute of limitations because she timely filed an action for a refund, but did so in the wrong court. The government responds that the two-year statute of limitations for filing a refund suit, set forth in 26 U.S.C. § 6532(a), is jurisdictional, such that equitable tolling does not apply. They further contend that even if equitable tolling was an available remedy, it is not applicable to Garretson. After a careful review, we affirm.

We review de novo the district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011).

We need not address whether 26 U.S.C. § 6532(a)'s statute of limitations is jurisdictional in nature, and thus subject to equitable tolling, to affirm the district court's dismissal. In *First Alabama Bank, N.A. v. United States*, we upheld the district court's dismissal of a taxpayer's refund claim as time-barred because, even assuming arguendo that equitable tolling applied to the statute of limitations set out

2

in 26 U.S.C. § 6532(a), the circumstances did not warrant it.  981 F.2d 1226, 1228–29 (11th Cir. 1993).  Equitable tolling applies only in situations in which a plaintiff's filing was untimely because of extraordinary circumstances that are beyond her control and unavoidable even with diligence.  *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006).  Even if we were to assume that equitable tolling is available here, like we did in *First Alabama Bank*, the circumstances do not warrant such relief.  *See* 981 F.2d at 1228–29.  Garretson's own lack of diligence caused her to file suit in the wrong forum.  She was twice warned by the Internal Revenue Service that she must file her claim in either the district court or the Federal Claims Court within two years.  She was also warned that administratively appealing the disallowance of her claim did not toll the statute of limitations.  Nevertheless, she filed her claim two years after the Internal Revenue Service sent the notice of the disallowance of her claim in the Tax Court instead.

Therefore, regardless of whether the statute of limitations at issue here is jurisdictional in nature, we can affirm the district court's dismissal.  Even if we accept Garretson's contention that the statute of limitations is non-jurisdictional, making equitable tolling an available remedy, equitable tolling is not warranted here.  Accordingly, we affirm the district court's dismissal of Garretson's complaint.

**AFFIRMED.**