# United States Court of Appeals for the Fifth Circuit

No. 24-40640

CONSOLIDATED WITH

No. 25-40014

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2025

Lyle W. Cayce
Clerk

Adam Brook,

*Plaintiff—Appellant*,

*versus*

William Holzerland, *Freedom of Information Act Officer*; United States Department of Health and Human Services,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC Nos. 1:23-CV-379, 1:23-CV-379

Before Wiener, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

24-40640
c/w No. 25-40014

In 2016, Plaintiff–Appellant Adam Brook submitted three Freedom of Information Act requests to the Department of Health and Human Services. The department responded to two of them a year later—but never answered the third. In October 2023, Brook sued, alleging the department had wrongfully withheld documents under both FOIA and the Privacy Act. But his claims come too late. The statutes of limitations for both acts bar this suit. We therefore AFFIRM the district court's dismissal.

I

In early 2016, Brook submitted three FOIA requests to the department, each seeking documents containing keywords relevant to him.[1] He filed Request 16F116 on February 20, 2016, Request 16F128 on February 25, 2016, and Request 2016-00450 on March 17, 2016.[2] About a year later, on March 10, 2017, the department responded to two of them—Requests 16F116 and 16F128—by producing redacted records and withholding others. Three days later, Brook administratively appealed. That appeal languished for more than six years before the department finally denied it on September 25, 2023. As for Request 2016-00450, Brook says the department never responded.

On October 20, 2023, Brook sued the department under both FOIA and the Privacy Act, seeking to compel disclosure of all records related to his three requests. The department moved to dismiss, arguing that Brook's claims were barred by the applicable statutes of limitations. The district court referred the matter to a magistrate judge, who issued a Report and

---

[1] The specifics of each request and the surrounding circumstances, as detailed in the complaint, are immaterial to the resolution of this appeal.

[2] Brook also submitted an additional FOIA request on May 13, 2025, but that request is not at issue in this suit.

Recommendation advising dismissal. The district court overruled Brook's objections, adopted the magistrate judge's findings and conclusions, and dismissed the case.

This appeal follows.

## II

We review de novo the district court's grant of the department's motion to dismiss. *Reed v. Goertz*, 136 F.4th 535, 542 (5th Cir. 2025). However, we review the district court's denial of equitable tolling or related estoppel doctrines for an abuse of discretion. *See Jones v. Lumpkin*, 22 F.4th 486, 489 (5th Cir. 2022); *ASARCO, L.L.C. v. Mont. Res., Inc.*, 858 F.3d 949, 958 (5th Cir. 2017).

## III

### A

We begin with Brook's FOIA claims.

FOIA suits are governed by a six-year statute of limitations. *See* 28 U.S.C. § 2401(a); *see also United States v. Curry*, 641 F. App'x 607, 610 (7th Cir. 2016); *Reep v. United States Dep't of Just.*, No. 18-5132, 2018 WL 6721099, at *1 (D.C. Cir. Dec. 18, 2018). That statute requires plaintiffs to file suit "within six years after the right of action first accrues." 28 U.S.C. § 2401(a). A FOIA claim accrues when the plaintiff has exhausted his administrative remedies, including any administrative appeal. *See Rahim v. FBI*, 947 F. Supp. 2d 631, 639 (E.D. La. 2013) (citing *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004)); *see also Voinche v. U.S. Dep't of Air Force*, 983 F.2d 667, 669 (5th Cir. 1993) (requiring "proof of exhaustion of administrative remedies prior to seeking judicial review").

But plaintiffs need not always wait for an agency's decision before suing. FOIA deems administrative remedies exhausted if the agency fails to respond within the statutory timeframe. *See* 5 U.S.C. § 552(a)(6)(C)(i). In other words, a plaintiff may "constructively exhaust" his remedies—and thus bring suit—if the agency blows its deadline. *See Kemmerly v. U.S. Dep't of Interior*, 430 F. App'x 303, 304–05 (5th Cir. 2011); *see also Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993) ("If an agency has not complied within the statutory time limits of an FOIA request, the requester shall be deemed to have exhausted his administrative remedies and bring suit."); *Rahim*, 947 F. Supp. 2d at 639 n.25 ("Nevertheless, if the agency has not issued its determination on the appeal within the required time period, the requester may bring suit directly in federal district court without exhausting administrative appeal remedies." (cleaned up)).

As the D.C. Circuit has explained, "[t]here are two 'time limit provisions' that trigger constructive exhaustion." *Spannaus v. U.S. Dep't of Just.*, 824 F.2d 52, 58 (D.C. Cir. 1987). The first applies to an agency's initial response, which it must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request." 5 U.S.C. § 552(a)(6)(A)(i). The second governs administrative appeals and requires the agency to "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." *Id.* § 552(a)(6)(A)(ii). When an agency fails to meet either deadline, the requester is deemed to have exhausted administrative remedies—and the FOIA claim accrues.[3]

_____

[3] Under § 552(a)(6)(A)(i), an agency's failure to timely respond to a FOIA request may trigger constructive exhaustion. But if the agency issues a response before the

24-40640
c/w No. 25-40014

Brook's FOIA claims implicate both provisions. For Request 2016-00450, Brook never received an initial response from the department. That means he constructively exhausted his administrative remedies 20 working days after the agency received the request. *See* 5 U.S.C. § 552(a)(6)(A)(i). Because Brook submitted the request on March 17, 2016, his FOIA claim accrued on April 14, 2016. From that date, he had six years to file suit. He did not. The six-year statute of limitations expired on April 14, 2022, more than a year before Brook filed this suit in October 2023. His claim for Request 2016-00450 is thus time-barred.

Brook resists this straightforward application of the time-limit provisions by arguing that each day the department failed to respond to his request constituted a "continuing tort" that reset the statute-of-limitations clock. But FOIA claims are not torts. *See Cooper v. Stewart*, No. 11-5061, 2011 WL 6758484, at *1 (D.C. Cir. Dec. 15, 2011); *cf. Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 736 (5th Cir. 2010) ("Not all statutory claims sound in tort[.]"); *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 256 (5th Cir. 2006) (noting that "the FTCA is the exclusive remedy for tort claims against the United States"). The triggering event for a FOIA claim is not injury, but exhaustion—either actual or constructive. Injury is not even an element of a FOIA claim. *See Goldgar v. Off. of Admin., Exec. Off. of the President*, 26 F.3d 32, 35 (5th Cir. 1994) ("Jurisdiction in a FOIA suit is based upon the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency records." (citation omitted)). Brook cites no authority applying a continuing-tort theory to FOIA—and for good reason. If adopted, that theory would effectively nullify statutes of limitations for FOIA claims. We

---

requester files suit, the plaintiff must still satisfy the administrative exhaustion requirement. *See Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003).

decline to interpret the law in a way that would render this limitations period meaningless.

As for Request 16F116 and Request 16F128, Brook did receive a response from the department. And when the agency failed to resolve his appeal within 20 days, Brook constructively exhausted his administrative remedies on April 10, 2017—that is when his FOIA claims for those requests accrued. *See* 5 U.S.C. § 552(a)(6)(A)(ii); *see also Freedom Coal. of Drs. for Choice v. Ctrs. for Disease Control & Prevention*, No. 2:23-CV-102-Z, 2024 WL 69084, at *4 (N.D. Tex. Jan. 5, 2024) ("When [the agency] did not resolve the appeals within the time limits prescribed by 5 U.S.C. §§ 552(a)(6)(A)(ii) and (a)(6)(B)(i), the matter [became] immediately justiciable."); *Agolli v. Off. of Inspector Gen., U.S. Dep't of Just.*, 125 F. Supp. 3d 274, 282 (D.D.C. 2015) (holding that a plaintiff's FOIA accrual date began after the plaintiff constructively exhausted her administrative remedies), *aff'd*, No. 15-5273, 2016 WL 6238495 (D.C. Cir. Sept. 22, 2016). That means the limitations period for these FOIA claims expired on April 10, 2023—six months before Brook filed suit. These claims, too, are time-barred.

Brook doesn't dispute that the department's failure to resolve his appeal within 20 days rendered his FOIA claims for these requests justiciable. Nor does he dispute that more than six years passed between when those claims accrued and when he sued. Instead, he argues that because the department eventually denied his appeal—albeit more than six years later—that denial restarted the statute-of-limitations clock. Here again, Brook mistakenly treats FOIA claims like torts. He characterizes the department's failure to decide his appeal as the "first tortious act" and its eventual denial as the "second tortious act." From there, he contends that even if the statute of limitations ran on the first act, it did not necessarily do so for the second.

But again, FOIA claims are not torts. The department's initial failure to decide Brook's appeal and its eventual denial are not distinct injuries giving rise to new causes of action. They are simply different routes by which Brook could exhaust his administrative remedies before seeking judicial review. He could do so either by receiving an actual decision on appeal or by constructively exhausting his remedies when the agency failed to act within the statutory deadline. Either way, the department's action—or inaction—on appeal does not constitute a separate "injury." Contrary to Brook's assertion, his FOIA claims did not arise from the department's "act of denying his administrative appeal." They arose from the department's initial response to his FOIA request and its alleged improper withholding of documents. *See Goldgar*, 26 F.3d at 35 (5th Cir. 1994).

Accordingly, the relevant question in determining when the statute of limitations began to run is not when the department ultimately denied Brook's administrative appeal, but when his claims first accrued. *See* 28 U.S.C. § 2401(a). Put differently: When was Brook first entitled to "institute and maintain a suit in court"? *Wonders v. Dep't of the Army Off. of Gen. Couns.*, 749 F. Supp. 3d 122, 129 (D.D.C. 2024) (citing *Spannaus*, 824 F.2d at 56), *aff'd*, No. 24-5214, 2025 WL 717386 (D.C. Cir. Feb. 28, 2025). The answer is April 10, 2017—20 days after the department received his appeal and failed to respond. On that date, Brook constructively exhausted his administrative remedies and his FOIA claims accrued. Because he did not file suit "within six years after [his] right of action first accrue[d]," 28 U.S.C. § 2401(a), the statute of limitations bars these claims. *See Reep v. United States Dep't of Just.*, 302 F. Supp. 3d 174, 181 (D.C. Cir. 2018) ("[W]hen a FOIA requestor appeals the initial agency determination, his claim accrues—and the six-year clock begins to run—twenty days after the agency receives the appeal.").

24-40640
c/w No. 25-40014

Brook also argues in the alternative that, even if his FOIA claims are time-barred, they qualify for equitable tolling or some form of estoppel. The parties dispute whether the six-year limitations in § 2401(a) is jurisdictional—and thus categorically immune to equitable doctrines. That question remains unresolved in our circuit. *See Porter v. Leavitt*, No. CV 22-76-BAJ-SDJ, 2023 WL 2705854, at \*6 n.12 (M.D. La. Mar. 9, 2023) (noting the conflicting Fifth Circuit case law on this issue). But we need not wade into that doctrinal thicket here. Even assuming § 2401(a) is non-jurisdictional and open to equitable tolling, the district court did not abuse its discretion in declining to apply it.[4]

Though framed in different ways, Brook's equitable tolling theories share a common thread: that the department's communications misled him into believing it would "fairly and honestly adjudicate" his FOIA requests. But as the district court explained, the department merely contacted Brook to ask whether he still wished to pursue his appeal and to explain the delay. Nothing in these communications misrepresented Brook's right to sue, the

_____

[4] Of course, a court "may not rule on the merits of a case without first determining its jurisdiction." *Smith v. Edwards*, 88 F.4th 1119, 1124 (5th Cir. 2023). But here, whether § 2401(a) is jurisdictional is embedded in the equitable tolling analysis; it is not a distinct, threshold issue like most jurisdictional questions. Thus, by sidestepping that dispute, we do not "assume . . . jurisdiction for purposes of deciding a case on the merits." *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 206 n.3 (5th Cir. 2018). In similar circumstances, we declined to resolve an intra-circuit dispute over whether an exhaustion requirement was jurisdictional because "neither party has a winning waiver or estoppel argument." *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006); *see also Garretson v. United States*, 696 F. App'x 984, 984–85 (11th Cir. 2017) (declining to address whether 26 U.S.C. § 6532(a)'s limitations period is jurisdictional because, even assuming equitable tolling applies, "the circumstances do not warrant such relief" (citing *First Alabama Bank, N.A. v. United States*, 981 F.2d 1226, 1228–29 (11th Cir. 1993)); *Coal River Energy, LLC v. Jewell*, 751 F.3d 659, 663 (D.C. Cir. 2014) ("We need not decide whether the statute is jurisdictional, however, because [Plaintiff] has made no effort whatsoever to explain why equitable tolling would be appropriate in this case. The sixty-day limitation period, therefore, applies regardless of whether it is a jurisdictional bar.")).

8

running of the statute of limitations, any tolling of that period, or how the department would ultimately rule. Brook has therefore failed to show either that "some extraordinary circumstance stood in [his] way" to justify tolling, *Vuoncino v. Forterra, Inc.*, 140 F.4th 200, 208 (5th Cir. 2025), or that the department engaged in "affirmative misconduct" sufficient to support estoppel, *Robertson-Dewar v. Holder*, 646 F.3d 226, 229 (5th Cir. 2011).

B

Next, we consider Brook's Privacy Act claims.

Unlike FOIA, the Privacy Act has its own statute of limitations: "An action to enforce any liability created under this section may be brought . . . within two years from the date on which the cause of action arises." 5 U.S.C. § 552a(g)(5). And a cause of action under the Privacy Act arises "when the plaintiff knew or should have known of the alleged violation." *Smith v. United States*, 142 F. App'x 209, 210 (5th Cir. 2005); *see also Lockett v. Potter*, 259 F. App'x 784, 786–87 (6th Cir. 2008).

Here, Brook's Privacy Act claims are based on the same alleged misconduct as his FOIA claims—namely, the department's withholding of records he believes he is entitled to under the Act. Brook thus knew or should have known of the purported violation when he submitted his FOIA requests and received the department's responses in 2016 and 2017. The two-year limitations period for his Privacy Act claims expired long before he filed suit in October 2023.

Brook does not dispute this timeline. Instead, he argues that the Privacy Act's statute of limitations does not apply to claims brought under § 552a(d), the provision requiring agencies to disclose records to individuals

upon request. *See* 5 U.S.C. § 552a(d).[5] But Brook never made that argument below—not in his response to the department's motion to dismiss, not in his objections to the magistrate judge's report, and not in his motion to alter the judgment. That omission is fatal. "[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal." *In re Deepwater Horizon*, 857 F.3d 246, 251 (5th Cir. 2017) (quotations and citation omitted); *see also Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal.").

In any event, Brook's argument fails on the merits. He offers no authority supporting the claim that § 552a(g)(5)'s plain text does not apply to claims under § 552a(d). The statute expressly covers "*any* liability created under this section." 5 U.S.C. § 552a(g)(5) (emphasis added). And courts have repeatedly applied the limitation to § 552a(d) claims. *See Jackson v. Shinseki*, 526 F. App'x 814, 817 (10th Cir. 2013) (applying the Privacy Act's statute of limitations to § 552a(d) disclosure-of-records claims); *Levant v. Roche*, 384 F. Supp. 2d 262, 270 (D.D.C. 2005) (same).

Brook's fallback position—that his Privacy Act claims are subject to equitable tolling or estoppel—mirrors the arguments he made under FOIA. For the same reasons discussed above, those arguments fall short here as well.

_____

[5] Brook's argument on this point is somewhat murky. While he initially appears to contend that no statute of limitations applies to disclosure-of-record requests under the Privacy Act, he later seems to acknowledge that a limitations period does begin—albeit only upon a "final decision rejecting that request."

24-40640
c/w No. 25-40014

IV

For these reasons, we AFFIRM the district court's dismissal of Brook's claims.